J-S84030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TAVEN JAQUIN GLASGOW | : | |
| | : | |
| Appellant | : | No. 618 MDA 2017 |

Appeal from the Order Entered March 8, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0006177-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 13, 2018**

Taven Jaquin Glasgow appeals from the order, entered in the Court of Common Pleas of Dauphin County, finding Glasgow to be a sexually violent predator under Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10–9799.41.  We affirm in part, reverse in part, and remand.

Glasgow was convicted following a plea of nolo contendere[1] to two counts each of involuntary deviate sexual intercourse (IDSI),[2] unlawful

---

[1] The term "convicted" includes conviction by entry of plea of guilty or nolo contendere.  **See** 42 Pa.C.S. § 9799.12.

[2] 18 Pa.C.S. § 3123(b).

contact with a minor,[3] incest,[4] indecent assault (victim under age 13),[5] and corruption of minors.[6] The victims, Glasgow's two half-brothers, were ages three and seven when the abuse began; the sexual abuse continued from 2009 to 2012, until the victims were ages five and nine, respectively. During that time, Glasgow was 16 to 18 years old.

The court sentenced Glasgow to an aggregate term of imprisonment of one to two years, followed by a term of ten years' probation. The Commonwealth filed a notice of intent to have Glasgow classified as a sexually violent predator (SVP), and, following a hearing on March 8, 2017 before the Honorable John F. Cherry, the court determined Glasgow was a SVP.[7]

On April 6, 2017, Glasgow filed a notice of appeal from the SVP determination. On May 1, 2017, he filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, in which he raised the following claim: whether the court's classification of Glasgow as an SVP was

---

[3] 18 Pa.C.S. § 6318(a)(6).

[4] 18 Pa.C.S. § 4302(b)(1).

[5] 18 Pa.C.S. § 3126(a)(7).

[6] 18 Pa.C.S. § 6301(a)(1)(ii).

[7] Under SORNA, sexual offenses are classified in a three-tiered system. 42 Pa.C.S. § 9979.14(a)-(d). Individuals convicted of these offenses are required to register with the Pennsylvania State Police as follows: for a Tier I offense – 15 years; for a Tier II offense- 25 years; for a Tier III offense- lifetime. 42 Pa.C.S. § 9799.15(a). An SVP requires lifetime registration. **See** 42 Pa.C.S. §§ 9799.14, 9799.15(d). **See also** 42 Pa.C.S. § 9799.15(a)(6) ("A sexually violent predator shall register for the life of the individual.").

unsupported by the evidence where the evidence did not support the expert's opinion that he had a mental abnormality and antisocial personality disorder based upon the diagnosis criteria set forth in the DSM-IV? In his brief on appeal, Glasgow phrases his issue somewhat differently, stating that the Commonwealth's expert did not perform an independent risk assessment as to the likelihood of re-offense and, instead, concluded essentially that "all persons who have committed [] sexual offenses and who are diagnosed with pedophilic disorder, *ipso facto*, are "likely" to reoffend[.]" Appellant's Brief, at 5. This discrepancy, however, is immaterial because, while this case was on appeal, this Court decided ***Commonwealth v. Butler***, 173 A.3d 1212, 1218 (Pa. Super. 2017), holding section 9799.24(e)(3) of SORNA unconstitutional as it "specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP." We, therefore, are compelled to *sua sponte* reverse an illegal aspect of Glasgow's sentence, namely, the March 8, 2017 order finding him an SVP. ***See Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (holding registration requirements under SORNA were not civil in nature, but punitive).

Under SORNA, an individual convicted of a sexually violent offense, such as sexually corrupting minors in this case, must be evaluated by the Sexual Offenders Assessment Board ("SOAB"). 42 Pa.C.S. § 9799.24(a). The SOAB conducts a 15–factor analysis to determine if the individual should be designated an SVP, 42 Pa.C.S. § 9799.24(b), then submits a report to the prosecuting authority. 42 Pa.C.S. § 9799.24(d). Upon praecipe by the

prosecuting authority, the court schedules an SVP hearing. 42 Pa.C.S. § 9799.24(e)(1). At the conclusion of that hearing, "the court [determines] whether the Commonwealth has proved by *clear and convincing evidence* that the individual is [an SVP]." 42 Pa.C.S. § 9799.24(e)(3) (emphasis added). It is this last step in the process, section 9799.24(e)(3), that **Butler** found unconstitutional in light of **Muniz**, **supra**. **See Alleyne v. United States**, 570 U.S. 99 (2013) (any fact that increases penalty for crime is element that must be submitted to jury and found beyond reasonable doubt); **Apprendi v. New Jersey**, 530 U.S. 466 (2000); **cf. Commonwealth v. Lee**, 935 A.2d 865, 880 (Pa. 2007) (if registration requirements are punishment, then facts leading to registration requirements need to be found by fact-finder beyond reasonable doubt). The **Butler** Court stated:

> [O]ur Supreme Court's holding that registration requirements under SORNA constitute a form of criminal punishment is dispositive of the issue presented in this case. In other words, since our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under **Apprendi** and **Alleyne**, a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses [,]" 42 Pa.C.S.A. § 9799.12, that increases the length of registration *must be found beyond a reasonable doubt by the chosen fact-finder*. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny. Accordingly, we are constrained to hold that section 9799.24(e)(3) is unconstitutional and [the a]ppellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal. . . . Moreover, we are constrained to hold trial courts cannot designate convicted

defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

*Id.* at 1218 (emphasis added).

The trial court here conducted an SVP hearing and designated Glasgow to be an SVP without making that necessary factual finding beyond a reasonable doubt. Accordingly, pursuant to **Butler**, we are constrained to reverse the order finding that Glasgow is an SVP as such a determination is no longer valid. We remand for the sole purpose of having the trial court issue the appropriate notice under 42 Pa.C.S § 9799.23 as to Glasgow's registration requirements. **Id. See also Commonwealth v. Campinelli**, --- A.3d ---, 2018 WL 461515, *8 (filed January 17, 2018).

Order vacated. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/13/2018

- 5 -